### Albert W. Leidel
### v.
### State of Illinois.

*Opinion filed November 16, 1906.*

1. Non-liability of State—*when liability does not attach.* Claimant was injured in the stone quarry while employed as a keeper at the Southern Illinois Penitentiary. *Held,* that no liability against the State attached.

2. Respondeat Superior—*doctrine of not applicable to State* The doctrine of *respondeat superior* does not apply to the State, and the State is not liable for the negligence of its officers, employees or agents.

Northcott, Hoff and Orr, for Claimant.
W. H. Stead, Attorney General, for State.

This is a claim for personal injuries received by Albert W. Leidel as a result of a caving in of some dirt in a rock quarry while claimant was employed as a keeper in the Southern Illinois Penitentiary at Chester, Illinois.

Claimant had for a number of years been employed as keeper in charge of convicts and on the 20th day of February, A. D. 1905, he had a gang at work under him, clearing away the dirt over a ledge of rock and he was at work by order of the superintendent of the stone department in said penitentiary. While directing his men and while in the general line of his duty, a bank of dirt caved in on him and resulted in very serious personal injuries. The evidence shows that the claimant's injuries are serious and permanent.

It is contended by the claimant that the superintendent of the stone department was negligent in sending Albert W. Leidel, as keeper, with a gang of four or five persons, to work in clearing off said dirt in the dangerous condition it was in and that this negligence on the part of the superintendent of the stone department, who was an agent of the State, makes the State liable for the injuries of said claimant.

It is further contended in this case that under the various Acts establishing the present Court of Claims of this State, jurisdiction was given this Court to allow claims of this nature and thus hold the State liable for the negligence and misfeasance of its officers and agents.    And this, it is claimed, is given under section three of the Act of 1903, which recites that "It shall be the duty of said Court to hear and determine * * * all other unadjusted claims of whatsoever nature or character against the State of Illinois."

The law governing this case was so fully discussed in the case of *Henry Henke* v. *State of Illinois,* decided by this Court on September 29, 1906, that it is not necessary here to cite any authorities in support of the proposition, that the State is not liable for the acts or misconduct of its agents as contended for in such matters.    And this decision is also supported by a long line of previous decisions by courts of this and other states.    This being the law governing this case, the claim is necessarily rejected, but, inasmuch as we recognize that it is a case appealing strongly to sympathy, the rejection of the claim is made without prejudice and it is expressly directed that such rejection does not conclude the claimant herein so as to bar his further presentation of this claim to a subsequent legislature.